IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3059-FL

| | | |
|---|---|---|
| TAVALAS DEREE LATRONE DAWSON, | ) ) ) | |
| Plaintiff, | ) ) ) | ORDER |
| v. | ) ) | |
| SERGEANT COSBY, et al., | ) ) | |
| Defendants. | ) | |

This matter comes before the court on the motion for judgment on the pleadings (DE # 37) pursuant to Federal Rule of Civil Procedure Rule 12(c) and motion for protective order (DE # 44) filed by defendants Willie Crosby ("Crosby") and Andray Johnson ("Johnson"). Also before the court is plaintiff's motion to amend his complaint (DE # 40). These matters are ripe for adjudication. For the following reasons, defendants' motion to dismiss and motion for protective order are grant. The court also grants plaintiff's motion to amend.

## STATEMENT OF THE CASE

On March 27, 2009, plaintiff brought this action pursuant to 42 U.S.C. § 1983 against Crosby and Johnson, as well as defendant Officer Buerlestine. On July 26, 2010, Crosby and Johnson filed a motion for judgment on the pleadings pursuant to Rule 12(c), arguing that plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies before filing this action. Plaintiff filed a response and a motion to amend his complaint on August 5, 2010. On September 13, 2010, Crosby and Johnson filed a motion for a protective order.

## DISCUSSION

A.   Motion to Amend

Plaintiff's motion to amend actually is a supplemental response to defendants' motion for judgment on the pleadings. Accordingly, the court construes plaintiff's motion to amend as a motion to file a supplemental response to defendants' motion for judgment on the pleadings. For good cause shown, plaintiff's motion is GRANTED.

B.   Motion for Protective Order

Crosby and Johnson filed a motion for a protective order from plaintiff's discovery requests. Crosby and Johnson raised the defense of qualified immunity in this case. The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished) (holding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery). In Mitchell, the Court observed that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 526. Because defendants raised the defense of qualified immunity and allege that plaintiff failed to allege a constitutional violation, they are entitled to resolution of the issue prior to being subject to the burdens of litigation, including discovery. Accordingly, this court GRANTS defendants' motion for a protective order.

C.   Failure to Obtain Service on Buerlestine

Plaintiff named Officer Buerlestine as a defendant in this action, but has been unable to obtain service upon him within the time period required by Rule 4(m) of the Federal Rules of Civil

Procedure. Plaintiff's initial attempt at service was returned un-executed. On August 10, 2009, the court informed plaintiff that he failed to make service on Buerlestine within one hundred twenty (120) days. Plaintiff also was informed that his action against Buerlestine would be dismissed without prejudice unless he demonstrated good cause as to why such service was not made within the one hundred twenty (120) day period. Plaintiff responded to the court's August 10, 2009 notice.

On October 8, 2009, the court directed the North Carolina Attorney General to provide the court with Buerlestine's full name and last known address. On October 28, 2009, the North Carolina Attorney General responded that it could not locate a North Carolina Department of Correction employee named Buerlestine. Since the North Carolina Attorney General's response, plaintiff has not shown good cause nor has he made any other attempts to serve Buerlestine. As a result, plaintiff's claim against Buerlestine is dismissed without prejudice.

D.   Motion for Judgment on the Pleadings

   1.   Standard of Review

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial. . . ." Fed. R. Civ. P 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. Pledger v. North Carolina Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998). The court views the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United

States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, and thus by the same token a motion for judgment on the pleadings, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

2. Analysis

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see also Jones v. Bock, 549 U.S. 199, 217 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]."); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). Exhaustion is mandatory. Jones, 549 U.S. at 211 ( "[U]nexhausted claims cannot be brought in court."); Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001).

The North Carolina Department of Correction ("DOC") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008); Goulette v. Warren, No. 3:06CV235-1-MU, 2006 WL 1582386 (W.D.N.C. June 1, 2006). The DOC's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DOC ARP provides that any inmate in DOC custody may submit a written grievance on Form DC-410. Id. § .0310(a). If the

inmate is not satisfied with the decision reached at the Step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the inmate grievance examiner or a modification by the Secretary of Correction constitutes the final step of the ARP. Id. § .0310(c)(6).

The evidence in the record reflects that plaintiff filed a grievance related to his claim on January 6, 2009. (Answer Ex. A.) The record further reflects that plaintiff did not complete step three, the final step, of the administrative remedy procedure until April 1, 2009. (Id.) Plaintiff filed his complaint in this action on March 27, 2009. Accordingly, plaintiff filed his complaint while he was in the process of exhausting his administrative remedies. Exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal. See Hayes v. Stanley, 204 F. App'x 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished); Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("[P]ermitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) . . ."). Because plaintiff filed this action prior to completing the administrative remedy procedure, he has not properly exhausted this claim.

In response, plaintiff argues that he is not required to exhaust administrative remedies for this action. In particular, plaintiff asserts that the exhaustion requirement only applies to prison conditions cases and his action is based upon excessive force and not prison conditions. However, plaintiff is incorrect. A claim for excessive force is a prison conditions claim because it is related to the conditions of his confinement. Accordingly, plaintiff's excessive force claim is subject to

5

§ 1997e(a)'s exhaustion requirement. See Booth, 532 U.S. at 731 (requiring exhaustion of administrative remedies in prison conditions case involving excessive force).

Plaintiff also argues that he filed four notarized "letters of regatory" in lieu of grievances, and that his claim was exhausted prior to bringing this action. The United States Supreme Court has stated that the PLRA requires proper exhaustion. Woodford, 548 U.S. at 84. The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 90. The DOC administrative remedy procedure requires that an inmate submit a written grievance to the DOC on Form DC-410. DOC ARP § .0310(a). Plaintiff's alleged "letters of regatory" did not comply with the DOC administrative remedy procedure. Thus, plaintiff did not properly exhaust his administrative remedies for his claim before filing this action.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to file a supplemental response (captioned as a motion to amend) (DE # 40) and defendants' motion for a protective order (DE # 44) are GRANTED. The court dismisses Officer Buerlestine from this action without prejudice. Finally, defendants' motion for judgment on the pleadings (DE # 37) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 1st day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge